UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CATHY J. SUTTON, )<br>)<br>      Plaintiff  )<br>)<br>  vs.     )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of )<br>Social Security, )<br>)<br>      Defendant  ) | CAUSE NO. 1:13cv217 RLM-SLC |

OPINION AND ORDER

Cathy Sutton appeals the denial by the Acting Commissioner of Social Security of her claims for disability insurance benefits and supplemental security income. Ms. Sutton contends the Commissioner failed to consider all of her impairments and analyzed her credibility improperly. For the reasons that follow, the court agrees with Ms. Sutton and remands the case to the Commissioner for further proceedings on her claim.

A reviewing court must affirm a denial of benefits if the Commissioner's decision is supported by substantial evidence based on the record as a whole — in other words, what a reasonable mind might accept as enough to support a decision. McKinzey v. Astrue, 641 F.3d 884, 889 (7th Cir. 2011). The court doesn't re-weigh evidence, Yurt v. Colvin, 758 F.3d 850, 856 (7th Cir. 2014), and looks, not for a complete evaluation of every item of proof, but rather for a logical bridge from the evidence to the conclusion. Schmidt v. Barnhart, 395 F.3d 737, 744 (7th

Cir. 2005); see also Scrogham v. Colvin, 765 F.3d 685, 701(7th Cir. 2014); Murphy v. Colvin, 759 F.3d 811, 815 (7th Cir. 2014).

Ms. Sutton's case is unusual in the sense that her previous claim had been denied on October 8, 2010, so this claim alleged disability beginning on October 9, 2010. Her insured status expired on December 30, 2010, leaving a narrow window of time in which her condition had to worsen from "not disabled" (on October 8) to "disabled" (by December 30).

The ALJ used a boilerplate sentence the court of appeals has criticized as circular:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the statements made by the claimant and her daughter, Rebecca, concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the claimant's residual functional capacity.

(Doc. No. 14 at 18); see Minnick v. Colvin, 775 F.3d 929, 938 (7th Cir. 2015). Deciphering this sentence is more difficult than usual because it's impossible to know what testimony the ALJ was referring to. In her testimony relating to this petition, given on April 19, 2012, Ms. Sutton said that apart from worsening back pain, her impairments were roughly the same as they had been for years — well before, and little changed after, the alleged onset date. But what was believed and disbelieved is anyone's guess.

The ALJ provided what seems a good explanation of why he disbelieved whatever he disbelieved: he pointed to the post-October 8, 2010 medical reports

and said they contained nothing "to support a finding that the claimant's condition significantly worsened since October 8, 2010, to fully corroborate the allegations made by the claimant or her daughter, Rebecca, or to support a more restrictive assessment of the claimant's residual functional capacity. (Doc. No.14 at 19). That statement overlooks the diagnosis treating physician William Hedrick made on March 31, 2011: that Ms. Sutton suffers from myofascial pain syndrome.

That diagnosis hadn't been in the record before, and might have provided the medical corroboration the ALJ needed to believe more, or all, of Ms. Sutton's testimony. And the diagnosis might say nothing about Ms. Sutton's situation at the close of 2010. But the ALJ never mentioned that diagnosis or myofascial pain syndrome. Counsel for the Commissioner explains what the ALJ might have decided even had he discussed that diagnosis, but the law requires the discussion and decision to come from the ALJ, not counsel. See Hanson v. Colvin, 760 F.3d 759, 762 (7th Cir. 2014).

The court doesn't mean to describe the ALJ's work too unfavorably. Social Security ALJs are indefensibly (even if not illegally) overworked, Association of Administrative Law Judges v. Colvin, 777 F.3d 402 (7th Cir. 2015), and have found it helpful to use boilerplate shortcuts. But the law of our circuit requires a discernible logical bridge from evidence to conclusion, and without discussion of the 2011 myofascial pain syndrome and specificity about which aspect of Ms. Sutton's testimony the ALJ disbelieved, that bridge isn't present.

For these reasons, the court grants Ms. Sutton's petition and remands this case to the Acting Commissioner of Social Security for further proceedings.

SO ORDERED.

ENTERED:     September 21, 2015

                                              /s/ Robert L. Miller, Jr.
                                          Robert L. Miller, Jr., Judge
                                          United States District Court