UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CATHY SUTTON, | ) |  |
|---|---|---|
| *Plaintiff* | ) ) ) |  |
| v. | ) ) | CAUSE NO. 1:13-CV-217 RLM |
| NANCY A. BERRYHILL,1 Acting Commissioner of Social Security, | ) ) ) ) ) |  |
| *Defendant* | ) ) |  |

## OPINION AND ORDER

This cause is before the court on Cathy Sutton's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the entry of judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Sutton seeks an award of fees and costs in the amount of $8,598.81. For the following reasons, the court grants her motion in part and denies it in part.

The EAJA isn't an automatic fee-shifting statute, so merely prevailing against the Commissioner doesn't entitle a party to an award of fees. Potdar v. Holder, 585 F.3d 317, 319 (7th Cir.2009). The EAJA allows a district court to award attorney's fees when: (1) the claimant was a prevailing party, (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and

---

1 Nancy A. Berryhill, the Acting Commissioner of Social Security, has been substituted as the named defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

complete application with the district court. Stewart v. Astrue, 561 F.3d 679, 683-684 (7th Cir. 2009).

The Commissioner doesn't dispute that Ms. Sutton is a prevailing party, that no special circumstances would make an award of fees and costs unjust, and that the motion for fees was timely filed. But she does contend that her position was substantially justified, precluding an award of fees.

EAJA fees can be awarded if either the government's pre-litigation conduct (the ALJ's decision) or its litigation position aren't substantially justified. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004) (quoting Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994)). The Commissioner bears the burden of establishing that her position was substantially justified overall. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir.2006).[2] To meet that burden, she must show that: (1) [she] had a reasonable basis in truth for the facts alleged, (2) [she] had a reasonable basis in law for the theory propounded, and (3) there was a reasonable connection between the facts alleged and the theory propounded. Kholyavskiy v. Holder, 561 F.3d 689, 691 (7th Cir. 2009).

The Commissioner contends that the only error in the ALJ's decision – a lack of articulation – was harmless, and that the position she took was justified. But the law "requires that an agency's discretionary order be upheld, if at all, on

---

2 "[A] position can be justified even though it is not correct, and…can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988); *see also* Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir.2009); Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

2

the same basis articulated in the order by the agency itself." Hanson v. Colvin, 760 F.3d 759, 762 (7th Cir. 2014) (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168-69 (1962)). That doctrine prohibits the Commissioner from defending an administrative decision on a new ground not set forth in the agency's original decision. Gutierrez v. Lynch, 834 F.3d 800, 806 (7th Cir. 2016); *see also* Hanson v. Colvin 760 F.3d at 762; Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010). She did just that in this case. The decision was reversed and the case remanded because the ALJ didn't mention or consider the 2011 diagnosis of myofascial pain syndrome in determining whether Ms. Sutton's testimony was credible. The Commissioner tried to explain what the ALJ might have decided had he discussed the diagnosis, but the law requires the discussion and decision to come from the ALJ, not counsel. Spiva v. Astrue, 628 F.3d at 353.

Neither the facts or law support the Commissioner's assertion that her position was substantially justified because any error in the ALJ's decision was "harmless." An error is only harmless if the court can be certain that on remand the ALJ would come to the same conclusion it previously came to despite its error. Id. But it's not the court's job to reweigh the evidence or speculate on what conclusions the ALJ might or might not make from evidence he or she has yet to consider. Id.

The only issue remaining is whether the hours expended and hourly rate requested are reasonable. The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour, "unless the court

determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Ms. Sutton's attorney, Joseph Sellers, contends that an hourly fee greater than $125.00 is warranted based on inflation, a rise in the cost of living, and past fee awards in this circuit. He submitted an itemized statement and documentation (including affidavits from two attorneys in Illinois indicating that they would charge between $250 and $350 per hour in cases requiring judicial review of a Social Security decision) indicating that a reasonable hourly rate for his and his co-counsel, Deborah Spector, services, would range between $187.02 (for work performed in 2013) to $190.54 (for work performed in December 2015 and January 2016) based on the cost of living adjustments allowed by statute when employing the Bureau of Labor Statistics' Consumer Price Index.

The Commissioner didn't object to the hours expended or the amount requested. "[G]iven the passage of time since the establishment of the hourly rate," counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable, Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008), as are the number of hours expended.

In his itemized statements, Mr. Sellers indicated that he and Ms. Spector invested a total of 40.5 hours—32.75 hours working on Ms. Sutton's case [Doc. No. 27] and another 7.75 hours replying to the Government's response in opposition to Ms. Sutton's application for fees [Doc. No. 30]. When multiplied by

the appropriate hourly rate for the relevant time period, attorney's fees equal $7,686.91. Together with a $61.89 non-taxable expense [Doc. No. 27-2], Ms. Sutton's lawyer's fees and expenses equal $7,748.80.

Ms. Sutton also asked that certain paralegal fees be awarded. "[T]ime spent on what are essentially 'clerical' or secretarial tasks" isn't compensible under the EAJA. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999). To determine whether a paralegal's task was clerical or secretarial, the relevant question is "'whether the work is sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower in the pay-scale ladder.'" Id. (quoting People Who Care v. Rockford Bd. of Edu., Sch. Dist. No. 205, 90 F.3d 1307, 1315 (7th Cir, 1996)). "[O]rganizing filing folders, document preparation, and copying documents" are examples of tasks that shouldn't be included in fee awards. Spegon v. Catholic Bishop of Chicago, 175 F.3d at 553.

Ms. Sutton requested fees for 8.5 hours of paralegal work billed at $100 an hour, totaling $850. Under the standards the court must apply, 3.75 of those hours are attributable to clerical work, so the court reduces the award by $375.00.

For the foregoing reasons, the court GRANTS the motion for an award of fees and costs under the Equal Access to Justice Act [Doc. No. 26] in part, and awards the plaintiff fees in the total amount of $8,223.80.

SO ORDERED.

ENTERED:   February 7, 2018

                              /s/ Robert L. Miller, Jr.
                         Judge
                         United States District Court